IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MICHAEL LOGAN LOWERY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:22-CV-0016-Z-BR |
| | § | |
| ADAM R. GONZALES, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO GRANT MOTION TO DISMISS**

This matter comes before the undersigned upon consideration of a Motion to Dismiss filed by Defendants Adam R. Gonzales, Joe Tovar, Amy Garcia, and Bobby Lumpkin (collectively, "Defendants"). (ECF 9). Having reviewed the Complaint, (ECF 1-1), the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(c), (ECF 9), Plaintiff Michael Logan Lowery's ("Plaintiff") Response, and the relevant law, it is the recommendation of the undersigned United States Magistrate Judge to United States District Judge that the Motion to Dismiss be granted.

### I.   BACKGROUND

On November 2, 2021, Plaintiff brought suit against Defendants under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and the Texas Religious Freedom and Restoration Act (TRFRA) alleging illegal infringement on the free exercise of his religious beliefs. (ECF 1 at 1). Defendants removed the case to this Court on February 4, 2022. (*Id.*).

Plaintiff alleges that he is a member of the Church of Jesus Christ Christian and, as such, his religious beliefs include a requirement that he be segregated from all non-white races. (ECF 1-1 at 8). Plaintiff further states that he believes "[r]ace-mixing is an abomination in the sight of

Almighty God…," and when he "is forced to cohabitate with non-whites it creates a substantial burden on the free exercise of his religion…" (*Id.*). Plaintiff seeks a court order requiring the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID") to house him in a racially segregated unit or otherwise avoid housing him "with members of other races." (*Id.* at 12).

## II.  STANDARD OF REVIEW

Motions to dismiss brought under Federal Rule of Civil Procedure 12(c) should be granted if there is no issue of material fact and the pleadings reflect that the moving party is entitled to judgment as a matter of law. *Greenberg v. General Mills Fun Group, Inc.*, 478 F.2d 254, 256 (5th Cir. 1973). When there remains no legitimate question left to be decided as to whether a claim is valid, judgment is appropriate. *Hebert Abstract Co., Inc. v. Touchstone Properties, Ltd.*, 914 F.2d 74, 76–77 (5th Cir. 1990); *see also Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 468 (1962).

## III.  ANALYSIS

Under RLUIPA, the Government is prohibited from imposing a substantial burden on the religious exercise of a confined individual unless the burdening is in furtherance of a compelling government interest and is the least restrictive means available to accomplish that interest. 42 U.S.C. § 2000cc-1(a). As an initial matter, a plaintiff must demonstrate the government action or regulation that is the subject of the action imposes a substantial burden on his free religious exercise. *Adkins v. Kasper*, 393 F.3d 559, 567 (5th Cir. 2004). A government action or regulation substantially burdens religious exercise when it "truly pressures the adherent to significantly modify his religious behavior and significantly violate his religious beliefs." *Id.* at 570. The burden

then shifts to the Government to show the action or policy is the least restrictive means of advancing a compelling state interest. *Brown v. Collier*, 929 F.3d 218, 229 (5th Cir. 2019) (quotations omitted).

The TRFRA analysis functions in a similar way. The act prevents "any government agency in Texas from substantially burdening a person's free exercise of religion unless it demonstrates that the application of the burden to the person is in furtherance of a compelling government interest." *A.A. ex rel. Betenbaugh v. Needville Indep. School Dist.*, 611 F.3d 248, 258 (5th Cir. 2010). Eradication of discrimination is such a compelling government interest. *Roberts v. U.S. Jaycees*, 468 U.S. 609, 623 (1984).

Plaintiff is successful on neither score. First, Defendants point out two fatal flaws in Plaintiff's argument as to the first prong. Plaintiff states his religious beliefs have been burdened but offers nothing further. (ECF 9 at 7). Such bald assertions are simply insufficient to meet his obligation. Furthermore, Plaintiff states his religious beliefs have been strengthened during the period in which he is suffering under what asserts to be unconstitutional behavior by Defendants. (*Id.*). It is difficult to see, then, how Plaintiff can succeed in arguing his religious beliefs are being burdened when (1) the undersigned cannot ascertain from his pleadings specifically what religious exercise he is being prevented from undertaking, and (2) it is doubtful his beliefs are being burdened, by his own admission.

Even if Plaintiff were to succeed on the first prong of burdening his free exercise of religion, he would unequivocally fail on the second of compelling government interest. Prohibiting discrimination in state facilities is unquestioningly a compelling government interest and desegregated housing in prisons is most certainly the least restrictive means available to promote

that interest. *Lee v. Washington*, 390 U.S. 333, 334 (1968) (Black, J., concurring); *Johnson v. California*, 543 U.S. 499, 507 (2005); *see also Bisby v. Crites*, 2008 WL 11454821, at *1–5 (S.D. Tex. Mar. 26, 2008). Therefore, even if Plaintiff's religious exercise rights were being burdened, the manner in which they are is constitutionally proper.[1]

Plaintiff also states that he is "requesting equal protection" for himself and others with similar beliefs. However, he does not sufficiently state an equal protection claim. To do so, he must allege that he is receiving treatment different from that received by other similarly situated individuals and that unequal treatment stems from discriminatory intent. *Mohamed for A.M. v. Irving Independent School District*, 252 F.Supp.3d 602, 623 (N.D. Tex. 2017) ("[T]o state a claim of racial discrimination under the Equal Protection Clause and section 1983, the plaintiff 'must allege that [(1) he or she] received treatment different from that received by similarly situated individuals and that [(2)] the unequal treatment stemmed from a discriminatory intent." (quotations and citations omitted.); *see also Sonnier v. Quarterman*, 476 F.3d 349, 368 n.17 (5th Cir. 2007) (stating that the same analysis applies with regard religious discrimination claims).

Regardless of the merits of Plaintiff's statements as to the first prong, (ECF 1-1 at 10–11), he provides nothing as to the second prong. His equal protection claim, therefore, necessarily fails. Were he to have stated a *prima facie* case, though, Plaintiff would still be unsuccessful because, as detailed above, Defendants' alleged actions are not constitutionally suspect.

---

[1] As a secondary matter, the undersigned recommends the Plaintiff's Motion for Class Certification, (ECF 5), be denied. While Plaintiff avers that he has received "numerous requests" to join his lawsuit, he provides no additional names nor means of identifying them. (*Id.* at 1). Were he to prevail on the Motion to Dismiss, he would still need to provide, as a threshold matter and at a very minimum, some way of identifying who these alleged "numerous" other individuals are. *See generally Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F.2d 1030 (5th Cir. 1981); *see also Dockery v. Fisher*, 253 F.Supp.3d 832, 846–49 (S.D. Miss. 2015).

## IV. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, it is the recommendation of the undersigned United States Magistrate Judge to the United States District Judge that Defendants' Motion to Dismiss be granted in all things and judgment entered accordingly.

## V. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED February 27, 2023.

*[signature]*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS*

*Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).